1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9  Mohammed Al-Sammak, | No. CV-24-00502-TUC-JCH (MSA) (Lead Case) |
| 10  Plaintiff, | |
| 11  v. | Consolidated with: No. CV-24-00538-TUC-JCH (MSA) |
| 12  Higher Ground A Resource Center, | **ORDER** |
| 13  Defendant. | |

14
15

In these consolidated cases, pro se Plaintiff Mohammed Al-Sammak brings several

16

claims against his former employer, Defendant Higher Ground A Resource Center,

17

stemming from alleged discrimination against him based on his Iraqi national origin and

18

Muslim faith. Before the Court is Magistrate Judge Maria S. Aguilera's Report and

19

Recommendation ("R&R") in  which she recommends denying Plaintiff's motion to

20

remand and granting Defendant's partial motions to dismiss (LC[1] Doc. 27). Defendant filed

21

an Objection to the R&R (Doc. 28). For the following reasons, the Court will overrule

22

Defendant's Objection, adopt Judge Aguilera's R&R in full, deny Plaintiff's motion to

23

remand, and grand Defendant's partial motions to dismiss.

24

**I.      Procedural History**

25

These consolidated cases started as two separate cases involving essentially

26

identical factual bases[2] against the same Defendant. Plaintiff filed first in Pima County

27

---

[1] Like in the R&R, citations to the lead case are indicated with "LC" and citations to the consolidated case are indicated with "CC."

28

[2] The R&R provides a concise factual background to which Defendant did not object. *See* Doc. 27 at 2–4. Accordingly, the Court will adopt the R&R's factual findings.

Superior Court ("consolidated case") and also filed a second case in federal district court ("lead case"). Plaintiff filed the consolidated case in state court on July 26, 2024, alleging violations of A.R.S. § 41-1463, § 23-1501, § 23-1502, retaliation because of protected conduct, intentional infliction of emotional distress, and "Torts § 46." *See* CC Doc. 1-3 at 5–6. On October 11, 2024, Plaintiff filed the lead case in federal court, alleging violations of Title VII of the Civil Rights Act of 1964, "42 U.S.C. §§ 1997d, 42 U.S.C. §§ 1981a, 42 U.S.C. §§ 2000d, Restatement (Second) of Torts §§ 46, 42 U.S.C. §§ 12203, Civil Rights Act of 1991, [and] 29 U.S.C. §§ 215(a)(3)." *See* LC Doc. 11 at 3. Defendant removed the consolidated case to federal court on November 4, 2024. *See* CC Doc. 1.

Post removal, Defendant filed partial motions to dismiss in both cases. *See* LC Doc. 14; CC Doc. 8. Defendant also filed a motion to consolidate the cases, arguing they involve the same transaction or event, the same parties, and substantially the same questions of law. LC Doc. 17 at 1. Shortly thereafter, Plaintiff filed a Motion to Remand the consolidated case. *See* CC Doc. 13. The Court granted Defendant's motion to consolidate and referred the consolidated cases to Judge Aguilera. *See* LC Doc. 22. The motion to remand and both partial motions to dismiss were fully briefed. *See generally* Docket. On January 30, 2025, Judge Aguilera issued an R&R in which she recommends denying the Motion to Remand and granting both partial motions to dismiss. *See* LC Doc. 27. Plaintiff objected (Doc. 28), and Defendant responded (Doc. 29).

**II.    Standard of Review**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If an objection is made, the Court "must review the magistrate judge's findings and recommendations de novo." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is obligated to review only the specific portions of the report, proposed findings, or recommendations to which the parties object. *See* § 636(b)(1). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shin*,

No. CV 20-322, 2023 WL 6248830, at *7 n. 5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

**III.    Analysis**

In the lead case, Defendant moves to dismiss Plaintiff's claims under 42 U.S.C. § 1997a, the Civil Rights of Institutionalized Persons Act; § 2000d, Title VI of the Civil Rights Act; § 12203, the Americans with Disabilities Act; and 29 U.S.C. § 215, the Fair Labor Standards Act; and for intentional infliction of emotional distress. *See* LC Doc. 14 at 1. In the consolidated case, Defendant moves to dismiss Plaintiff's intentional infliction of emotional distress and "Torts § 46" claims. *See* CC Doc. 8 at 1. The R&R recommends dismissing each of these claims as well as Plaintiff's Title VII retaliation claim in the consolidated case because, with the cases consolidated, it is duplicative of the Title VII claim in the lead case. *See* Doc. 27 at 9. Plaintiff objects only to the R&R's "recommendation to dismiss claim of retaliation under Title VII." Doc. 28 at 1.

Plaintiff's objection to the R&R does not address the R&R's conclusion that the Title VII claim in the consolidated case is duplicative. *See generally* Doc. 28. Instead, Plaintiff argues, emphasizing the same facts he has reiterated in each of his filings, that Defendant retaliated and discriminated against him. *See id.* Plaintiff misses the point. The R&R does not recommend dismissing the Title VII claim from the lead case, only the substantially identical retaliation claim in the consolidated case. Doc. 27 at 9. This Court "has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action . . . ."). The Court agrees that, in the interest of judicial economy, the identical Title VII retaliation claim in the consolidated case should be dismissed. The retaliation claim in the lead case survives and can be litigated on the merits. Plaintiff suffers no loss.

After an independent review, the Court is satisfied that the remainder of Judge

1    Aguilera's recommendation is sound. The Court will adopt the R&R in full.

2    **IV.    Order**

3          Accordingly,

4          **IT IS ORDERED adopting in full** the R&R (Doc. 27).

5          **IT IS FURTHER ORDERED denying** Plaintiff's Motion to Remand
6    (CC Doc. 13).

7          **IT IS FURTHER ORDERED granting** Defendant's partial motions to dismiss
8    (CC Doc. 8 & LC Doc. 14).

9          **IT IS FURTHER ORDERED** that, as to the consolidated case (24-CV-538),
10   Plaintiff's Title VII retaliation claim is **dismissed without prejudice** as duplicative.

11         Dated this 26th day of August, 2025.

12

13

14                                                    John C. Hinderaker
15                                              United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28